Justo RICHARDS, Plaintiff,

v.

STATE OF NEW YORK, Court of Appeals, State of New York; District Attorney Kings County, James Sullivan, Superintendent, Ossining Correctional Facility, et al., Defendants.

No. 83 Civ. 5166.

United States District Court,
E.D. New York.

July 31, 1984.

Justo Richards, pro se.

Randolph Volkell, Asst. Atty. Gen., Dept. of Law, Elizabeth A. Bryson, Asst. Corp. Counsel, New York City Law Dept., New York City, for defendants.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

Pro se plaintiff Justo Richards brings this action pursuant to article III, section 2 of the United States Constitution and section 5 of the Fourteenth Amendment alleging violation of his constitutional rights by defendants. The complaint seeks declaratory and injunctive relief.

Following the filing of defendant Holtzman's motion to dismiss the complaint, plaintiff filed a "Petition for Removal of Criminal Prosecution Against Person Denied Civil Rights" seeking removal to the district court of state court proceedings involving indictment number 5576–81. Plaintiff also filed a motion for preliminary injunction enjoining defendants from "continuing to restrict, abrige [sic], transgress, deny and discriminate against plaintiff's First [Amendment] free exercise and continued willful deprivation of liberty guaranteed by the due process [clause] ... [and 42 U.S.C. § 1981]." Thereafter, the remaining defendants also moved to dismiss the complaint and plaintiff moved for summary judgment. For the reasons set forth below, the complaint is dismissed, and plaintiff's various requests for relief are dismissed as moot.

*Background*

This complaint challenges actions connected with plaintiff's state court conviction under the above mentioned indictment, No. 5576–81.[1] On December 8, 1982, defendant was convicted in the Supreme Court, Kings County, of manslaughter in the first degree, second degree murder and

---

1. I find it necessary to note that conduct sur-

rounding the state court proceedings in this

criminal possession of a weapon in the second degree. He was sentenced on January 4, 1983.

According to the complaint, plaintiff subsequently filed a petition pursuant to Article 70 of New York Civil Practice Law and Rules[2] with Special Term of the trial court. Plaintiff alleges that in opposing this application, defendant District Attorney

> denied plaintiff fairness, due process and equal protection under the laws of New York State, in swearing under the penalties of perjury that plaintiff was convicted of murder 2° and criminal possession of a weapon 2°. Not submitting [sic] for a full and fair litigation in the Habeas court, the conviction of manslaughter 1°[.]

Complaint ¶ 11. Plaintiff alleges that the application to Special Term was denied, and defendant District Attorney wrongfully engaged in similar conduct when plaintiff subsequently appealed the denial of this petition to the Supreme Court, Appellate Division, Second Department and then to the New York Court of Appeals.

Plaintiff also alleges that (1) the "arraignment court" failed to rule upon plaintiff's motion to inspect the grand jury minutes; (2) the Court of Appeals improperly dismissed his appeal for failure to raise substantial constitutional issues when the same were allegedly raised by plaintiff, and therefore, the Court of Appeals' dismissal violates the Fourteenth Amendment; and (3) the alleged application of Article 125 of the New York Penal Law[3] in plaintiff's state proceedings was unconstitutional. As relief, plaintiff requests that this Court convene a three-judge court to hear his case, declare defendants' actions unconstitutional and declare plaintiff's imprisonment unconstitutional as well.

*Discussion*

■ This action must be dismissed for reasons which have already been set forth in the actions captioned 83 Civ. 1388 and 83 Civ. 3869. See 597 F.Supp. 689. First, a state, its agencies and state officials sued in their official capacities are all immune from suit in federal court brought by a citizen of that state under the Eleventh Amendment to the United States Constitution. *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890); *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *Cory v. White,* 457 U.S. 85, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982). Defendants Court of Appeals, State of New York, and Sullivan ("the State defendants") are immune from suit on this basis.

■ The action against defendant Holtzman, the District Attorney of Kings County, should also be dismissed because all the alleged wrongful acts of this defendant, *see supra* at 692–93, go clearly to the fact of plaintiff's state conviction, and are therefore challengeable only pursuant to the requirements of 28 U.S.C. § 2254. *See Matos v. Quealy,* 524 F.Supp. 15, 17 (S.D.N.Y. 1981); *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973).

As revealed by plaintiff's "Petition for Removal" of proceedings involving a state court indictment to the district court, state court adjudication of plaintiff's conviction is still pending in the Appellate Division, Second Department. Thus, this action, including the petition for removal, should also be dismissed based on the principles of

---

indictment is also challenged in another civil action that was pending before me, 83 Civ. 1388. In the interest of judicial economy, it is recommended that in the future, plaintiff should take notice of Fed.R.Civ.P. 8(a), which permits claims for different or alternative types of relief to be set forth in the same complaint. Thus, although the complaint in 83 Civ. 1388 sought monetary damages and the instant complaint seeks declaratory and injunctive relief, the claims could have been brought in one pleading. This is so although the defendants in both actions are not identical. In fact, although not named as defendants in this action, several of the defendants in 83 Civ. 1388 are mentioned in "Petition for Removal" discussed in the text of this opinion.

**2.** Article 70 describes the procedure to be utilized in connection with a petition for a writ of habeas corpus in state court. N.Y.C.P.L.R. §§ 7001–7012.

**3.** Article 125 defines homicide and related offenses.

comity set forth in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny.

*Conclusion*

■ For the reasons set forth above, the complaint in this action is dismissed without prejudice to any claim plaintiff might later file pursuant to 28 U.S.C. § 2254. Also, although the state defendants have moved pursuant to Fed.R.Civ.P. 54(d) for costs to be taxed against the indigent plaintiff herein, they have not set forth authority which would warrant the imposition of costs in the instant case. Therefore, that request is denied. The complaint having been dismissed, plaintiff's various applications for removal, injunctive relief, summary judgment and discovery are dismissed as moot.

SO ORDERED.