R. M. NEWELL CO., INC., Respondent, v RICHARD RICE, et al., Appellants. (Appeal No. 1.)—

Upon our review of the pleadings, the parties' submissions and the controlling authorities, we conclude that certain of plaintiff's claims against the various defendants cannot be sustained in law or fact, and that, with respect to those, the court erred in denying defendants' motions for dismissal or summary judgment. Accordingly, we modify the order appealed from to dismiss the following claims: as against defendant Fisher, the claim that it wrongfully terminated its contract with plaintiff; as against defendant Process, the claim that it wrongfully induced Fisher to terminate its contract with plaintiff; as against defendants Process and Fisher, the claim that they wrongfully induced Rice to leave plaintiff's employ; and as against all three defendants, the claim that they conspired to do the foregoing (see, Alexander & Alexander v Fritzen, 68 NY2d 968, 969; Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d 183, 189-192).

Plaintiff's remaining claims state a cause of action and, as to those, the court properly found triable questions of fact. As against defendant Rice, plaintiff has a legally cognizable and arguably meritorious cause of action for Rice's breach of his fiduciary duty to plaintiff; and as against defendants Process and Fisher, plaintiff has valid causes of action alleging that they wrongfully induced Rice to breach his fiduciary duty to plaintiff (Fender v Prescott, 101 AD2d 418, 422-423, affd 64 NY2d 1077; Schachter v Kulik, 96 AD2d 1038, 1039, appeal dismissed 61 NY2d 758; Pace v Perk, 81 AD2d 444, 454-455; Foley v D'Agostino, 21 AD2d 60, 66-68; see also, 5 Scott, Trusts § 506, at 3568 [3d ed]).

The court did not abuse its discretion in refusing to identify undisputed or incontrovertible facts (CPLR 3212 [g]). (Appeal from order of Supreme Court, Erie County, Fudeman, J.—

summary judgment.) Present—Denman, J. P., Green, Balio and Lawton, JJ.