■ SANFORD S. KANTOR, Individually and as a Partner on Behalf of KANTOR, BERNSTEIN & KANTOR, Appellant, v JOEL H. BERNSTEIN, Individually and as a Partner of KANTOR, BERNSTEIN & KANTOR, et al., Respondents. [640 NYS2d 40]

Fairly construed, the amended complaint alleges that defendant partner, prior to dissolution, went to defendant law firm and offered them virtually all of plaintiff's class action arbitration practice in exchange for making him a partner in the defendant firm, and that defendant partner's pre-resignation discussions with his prospective new firm included a surreptitious pre-resignation agreement that defendant firm would assist defendant partner in concealing the true nature of their actions from plaintiff until his resignation. This constitutes an adequate pleading of a breach of defendant partner's fiduciary duty to plaintiff (*see, Graubard Mollen Dannett & Horowitz v Moskovitz*, 86 NY2d 112). It is also sufficiently alleged that defendant law firm, though not itself in a fiduciary relationship with plaintiff, induced a breach of fiduciary duty by another (*see, Newell Co. v Rice*, 158 AD2d 993).

No valid cause of action has been stated against defendant law firm for breach of contract with plaintiff, there being no discernible allegation of an enforceable oral contract (*see, Ponte & Sons v American Fibers Intl.*, 222 AD2d 271). The causes of action sounding in fraud lack sufficient details of the facts and circumstances constituting the wrong (*see, Mance v Mance*, 128 AD2d 448, 449, *lv dismissed and denied* 70 NY2d 668). Plaintiff, rather than having been lulled into a false sense of security, immediately perceived what defendants allegedly were attempting to do, and acted immediately to protect himself. Alleged pre-resignation assurances made by defendants that, in all interactions between defendant partner and defendant law firm, they would look after the interests of plaintiff are nonactionable (*see, e.g., Saunder v Baryshnikov*, 110 AD2d 511, 512, *appeal dismissed* 65 NY2d 637). No cause of action for tortious interference with a prospective economic advantage is stated, there being insufficient allegations of disinterested malevolence (*see, Spielman v Acme Natl. Sales Co.*, 169 AD2d 218, 224). We also note there is no private right of action for a violation of the Code of Professional Responsibility (*see, Wein-

*traub v Phillips, Nizer, Benjamin, Krim & Ballon,* 172 AD2d 254).

Summary judgment motions are to be made only after issue has been joined (*see, Matter of Westchester Express v State Ins. Fund,* 153 AD2d 803), a rule to which strict adherence is required (*see, Shah v Shah,* 215 AD2d 287, 289). Therefore, summary judgment on defendant partner's newly pleaded counterclaim requiring that plaintiff render an accounting was premature. Further, issues of fact exist as to the scope of the partners' agreement (*see, Notar Servs. Corp. v Dalmazio,* 110 AD2d 892, 893). Concur—Sullivan, J. P., Rosenberger, Ross and Williams, JJ.