**Elridge DANIEL, Jr., Plaintiff,**

**v.**

**Howard SAFIR, et al., Defendants.**

**No. CV–99–6396(NG)(SMG).**

United States District Court,
E.D. New York.

Feb. 15, 2001.

Supplemental Order
Feb. 23, 2001

Elridge Daniel, Jr., Brooklyn, NY, plaintiff pro se.

Robert Friedman, Brooklyn, New York, defendant pro se.

Lisa J. Black, Assistant Corporation Counsel, City of New York, Law Department, New York City, for Howard Safir, defendant.

Gregg D. Weinstock, Garbarini & Scher, P.C., New York City, for Robert Baum and the Legal Aid Society.

Richard H. Dolan, Schlam Stone & Dolan, LLP, New York City, for Verizon Corporation.

Charles F. Sanders, Assistant Attorney General, State of New York, Office of the Attorney General, New York City, for the Honorable Karen B. Yellen and Law Clerks.

## ORDER

GERSHON, District Judge.

The motions of various defendants in this pro se civil rights case were referred

to the Honorable Steven M. Gold, Magistrate Judge. I have reviewed de novo Judge Gold's report and plaintiff's objections to it. Plaintiff's objections are without merit and Judge Gold's thorough report is hereby adopted in its entirety. The motions to dismiss brought by Judge Karen B. Yellen; her law clerks; Judge Stephen J. Rooney's law clerk; Robert Baum; the Legal Aid Society; Garbarini & Scher, P.C.; and Verizon Corporation are granted in their entirety and all claims against these defendants are dismissed. The motion to dismiss by Robert Friedman is granted to the extent that all purported federal claims against him are dismissed; however, as recommended by Judge Gold, the court declines to exercise supplemental jurisdiction over the state claims against Mr. Friedman and those claims are dismissed without prejudice. Finally, all motions for sanctions are denied for the reasons stated by Judge Gold.

**SO ORDERED.**

### ORDER

On February 15, 2001, the court reviewed de novo Magistrate Judge Gold's report and plaintiff's objections to it, and adopted Judge Gold's report in its entirety. In granting the motions to dismiss of various defendants, including Garbarini & Sober, P.C., the court inadvertently did not include Gregg Weinstock, an attorney with that law firm who also was named as a defendant. Plaintiff's claims against Mr. Weinstock are the same as his claims against Garbarini & Scher, P.C. For the reasons stated in Judge Gold's report and recommendation, the motion to dismiss brought by Gregg Weinstock is granted in its entirety and all claims against him are dismissed. All motions for sanctions are denied for the reasons stated by Judge Gold.

**SO ORDERED.**

### REPORT AND RECOMMENDATION

GOLD, United States Magistrate Judge.

### *Introduction*

Plaintiff, Elridge Daniel, Jr., proceeding *pro se*, brings this action asserting various civil rights violations. Most, but not all of his claims, appear to arise from his arrest and prosecution for criminal harassment in 1995. Although the precise nature of the circumstances giving rise to this lawsuit are unclear, the following facts may be culled from the papers submitted by the parties. On April 25, 1995, plaintiff was arrested for allegedly threatening to commit arson in retaliation for the New York City Fire Department's purported failure to address complaints he lodged with the F.D.N.Y. Action Line. Plaintiff was charged with criminal harassment and was appointed a Legal Aid Society attorney. A letter from the Law Department of the City of New York indicates that the criminal action was adjourned in contemplation of dismissal on May 29, 1996. *See* Letter from Lisa J. Black, Asst. Corp. Counsel to Steven M. Gold, United States Magistrate Judge (May 12, 2000). No other information regarding the outcome of the action has been submitted to this Court.

Plaintiff now brings this lawsuit against various individuals and entities, some of which were connected with the criminal proceedings. The defendants include Legal Aid attorney Richard Baum, who represented plaintiff in the criminal action, the Legal Aid Society, Garbarini & Scher, P.C., counsel for Baum in this action, the Honorable Karen B. Yellen, who presided at the criminal proceedings, Judge Yellen's law clerks, Judge Stephen J. Rooney's law clerk, and Verizon Corporation ("Verizon") (formerly, and sued as, Bell Atlantic Telephone Corporation), which produced plaintiff's phone records in the criminal trial

pursuant to subpoena.[1] Plaintiff claims that these individuals and entities deprived him of his constitutional rights, and seeks relief under the civil rights statutes, 42 U.S.C. §§ 1981, 1982, and 1983. Plaintiff also claims that a computer salesperson, Robert Friedman, damaged plaintiff's computer equipment in violation of his constitutional rights. The claims asserted against Friedman appear unconnected to the underlying criminal matter. In addition to these claims, plaintiff alleges that defendants violated a number of criminal and civil state and federal laws. Defendants now move separately to dismiss plaintiff's claims pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.

The Honorable Nina Gershon has referred defendants' motions to me for a report and recommendation. For the reasons discussed below, I respectfully recommend that defendants' motions to dismiss be granted and plaintiff's claims as to these defendants be dismissed.

### Discussion

### A. Standard of Review

A court may grant a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). A court must take as true all the facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *DeJesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 69

(2d Cir.1996). Moreover, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers," and are to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam); *see also Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir.1997). Nevertheless, to survive a Rule 12(b)(6) motion, a civil rights complaint must contain "more than naked improbable unsubstantiated assertions without any specifics." *Neustein v. Orbach*, 732 F.Supp. 333, 346 (E.D.N.Y. 1990). Similarly, a complaint asserting "only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir.1993) (quoting *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983)) (per curiam).

### B. Judge Yellen and the Law Clerk Defendants

Plaintiff raises a host of claims against Judge Yellen and her law clerks, as well as Judge Rooney's law clerk,[2] seeking relief for alleged violations of plaintiff's constitutional rights and various federal statutes. *See* Amend.Compl., ¶ 24. Plaintiff does not indicate in his Amended Complaint whether he seeks to sue these defendants in their personal or official capacities. To the extent plaintiff asserts official capacity claims, they are barred by the Eleventh Amendment and the United States Supreme Court's holding in *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). To the extent plaintiff sues these defendants in their personal capacity, his claims are precluded

---

1. Plaintiff has also sued a number of other individuals and entities which have not yet appeared in this action.

2. The law clerks have not yet been identified by name or served in this action. I nevertheless recommend that the claims against them be dismissed for the reasons stated in connection with the claims against Judge Yellen.

by the doctrine of judicial immunity. *See Kentucky v. Graham,* 473 U.S. 159, 166–67, 105 S.Ct. 3099, 3105–3106, 87 L.Ed.2d 114 (1985) (holding that the immunities available to a defendant in an official capacity are forms of sovereign immunity such as the Eleventh Amendment, whereas the immunities available in a personal capacity lawsuit are personal defenses such as objectively reasonable reliance on existing law.)

■■■ The Eleventh Amendment provides: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State,[3] or by Citizens or subjects of any Foreign State." U.S. Const. amend. XI. Therefore, pursuant to the Eleventh Amendment, a "state, its agencies and state officials sued in their official capacities are all immune from suit in federal court brought by a citizen of that state...." *Richards v. State of New York,* 597 F.Supp. 692, 693 (E.D.N.Y.1984), *aff'd,* 767 F.2d 908 (2d Cir.1985). Suits against state actors in their official capacity are barred by the Eleventh Amendment because they " 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' " *Kentucky v. Graham,* 473 U.S. at 165, 105 S.Ct. at 3105 (quoting *Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978)). For this reason, the "immunities available to the defendant in an official-capacity action are those that the governmental entity possesses." *Hafer v. Melo,* 502 U.S. 21, 25, 112 S.Ct. 358, 362, 116 L.Ed.2d 301 (1991).

Here, the Criminal Court of the City of New York is a state agency, *cf. Zuckerman v. Appellate Division, Second Dep't, Supreme Court of the State of New York,* 421 F.2d 625, 626 & n. 1 (2d Cir.1970), and defendant Judge Yellen is being sued in connection with her actions as a Judge of the Criminal Court. Accordingly, plaintiff's complaint against Judge Yellen, to the extent it states a claim against Judge Yellen in her official capacity, is barred on Eleventh Amendment grounds. For the same reasons, plaintiff's claims against law clerks in the Criminal Court are also barred. *See Thaler v. Casella,* 960 F.Supp. 691, 700 (S.D.N.Y.1997) (holding that suit against a state Grievance Committee law clerk is barred by the Eleventh Amendment). Finally to the extent plaintiff asserts official capacity suits against these defendants under Section 1983, his claims are subject to dismissal because state officials sued in their official capacities are not "persons" acting under color of state law within the meaning of that statute. *See Will,* 491 U.S. at 71, 109 S.Ct. at 2312.

■■■ Plaintiff's claims against Judge Yellen and her law clerks and Judge Rooney's law clerk, to the extent they are asserted against these defendants in their personal capacities, are barred by the doctrine of judicial immunity. It is well-recognized that a judge has absolute immunity from suit where the challenged acts are judicial, as opposed to administrative, in nature. *See Forrester v. White,* 484 U.S. 219, 225–228, 108 S.Ct. 538, 543–45, 98 L.Ed.2d 555 (1988). This immunity is overcome only if the challenged action was not within the judge's official capacity or if it was taken in the "complete absence of

**3.** While the Eleventh Amendment does not expressly bar suits against a state by its own citizens, it is well-established that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Edelman v. Jordan,* 415 U.S. 651, 662–663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974).

all jurisdiction." *Mireles v. Waco,* 502 U.S. 9, 11–12, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991). These criteria are not satisfied here. In his complaint, plaintiff alleges that Judge Yellen and her law clerks issued two opinions in violation of his constitutional rights. *See* Amend. Compl., ¶ 24. Clearly, issuing a decision in a pending case is a "paradigmatic judicial act" to which complete immunity attaches. *Forrester,* 484 U.S. at 227, 108 S.Ct. at 544. Moreover, although plaintiff alleges in a conclusory way that Judge Yellen lacked jurisdiction over his case, he pleads no facts in support of this contention. Therefore, Judge Yellen is immune from suit in this case and plaintiff's claims against her should be dismissed. For the same reasons, plaintiff's claims against Judge Yellen's law clerks and Judge Rooney's law clerk should also be dismissed. *See Oliva v. Heller,* 839 F.2d 37, 39 (2d Cir.1988) (noting that judicial immunity extends to law clerks).[4]

### C. Baum, Weinstock, Garbarini & Scher, and Verizon

Plaintiff claims that defendants Baum and the Legal Aid Society violated his constitutional rights in the course of representing plaintiff in the underlying criminal action. *See* Amend.Compl., ¶ 22. In preparing plaintiff's defense, Baum arranged for plaintiff to be evaluated by a psychologist. *See* Defs. Notice of Motion, ¶ 4. The evaluation was conducted and a report was issued. Plaintiff asserts that this report is "false and fraudulent" and that defendants conspired "to cause [the] . . . report to be issued with the intent the report be used in a public proceeding" in violation of plaintiff's First, Fifth, Sixth, and Four-

teenth Amendment rights. Amend. Compl., ¶ 22.

■ It is fundamental that state action is a required element of a claim for a constitutional violation. *See Shelley v. Kraemer,* 334 U.S. 1, 13, 68 S.Ct. 836, 841, 92 L.Ed. 1161 (1948). "[The Fourteenth] Amendment erects no shield against merely private conduct, however discriminatory or wrongful." *Id.; see also Blum v. Yaretsky,* 457 U.S. 991, 1002, 102 S.Ct. 2777, 2785, 73 L.Ed.2d 534 (1982); *Catanzano v. Dowling,* 60 F.3d 113, 118 (2d Cir.1995). Because defendants Baum and the Legal Aid Society are private, rather than state, actors, plaintiff must demonstrate "a sufficiently close nexus between the State and the challenged action of the [private actor] so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.Ed.2d 477) (1974) (citing *Moose Lodge No. 107 v. Irvis,* 407 U.S. 163, 176, 92 S.Ct. 1965, 1973, 32 L.Ed.2d 627 (1972). A plaintiff may meet this burden by demonstrating that the private actor willingly participated in a joint activity with the state, *see Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 941, 102 S.Ct. 2744, 2756, 73 L.Ed.2d 482 (1982), or where the state compelled or significantly encouraged the challenged private action. *See Blum,* 457 U.S. at 1004, 102 S.Ct. at 2786; *San Francisco Arts & Athletics, Inc. v. United States Olympic Comm.,* 483 U.S. 522, 546, 107 S.Ct. 2971, 2986, 97 L.Ed.2d 427 (1987).

■ Plaintiff has failed to plead any facts that would, even if accepted as true, support a finding that defendant Baum and his employer, the Legal Aid Society, were acting under color of state law at the

---

4. Because I find that plaintiff's claims against Judge Yellen and the law clerks are barred by the Eleventh Amendment and the doctrine of judicial immunity, I do not reach Judge Yellen's other claimed bases for dismissal.

time of the alleged civil rights violations. Baum apparently caused the psychological evaluation in issue to be prepared to assist him in defending the charges against plaintiff. *See* Affidavit of Gregg D. Weinstock ("Weinstock Aff."), ¶ 4. Although the Legal Aid Society has a contractual relationship with the City of New York and various other governmental entities, it is well-established that the Legal Aid Society and its attorneys do not act under color of state law when "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 453–54, 70 L.Ed.2d 509 (1981); *see also Rodriguez v. Weprin,* 116 F.3d 62, 65–66 (2d Cir.1997) (noting that court-appointed private attorneys do not act under color of state law solely by representing a defendant in a criminal proceeding); *see also Schnabel v. Abramson,* 232 F.3d 83, 86–87 (2d Cir.2000) (affirming that the Legal Aid Society "ordinarily is not a state actor ....."); *Lefcourt v. Legal Aid Society,* 445 F.2d 1150, 1157 (2d Cir.1971) (same). Therefore, plaintiff has failed to state a cause of action for deprivation of his constitutional rights against Baum and the Legal Aid Society. Accordingly, I recommend that these claims be dismissed.

On December 30, 1999, plaintiff filed an amended complaint, adding claims against Garbarini & Scher and one of its attorneys, Gregg Weinstock, counsel for Baum in this action. *See* Amend.Compl., ¶ 30. Plaintiff alleges that Garbarini & Scher and Weinstock violated his civil rights under Sections 1982 and 1983 by their submission of plaintiff's psychological evaluation to counsel in this action. *See id.* Weinstock included the evaluation as an exhibit to the motion papers he submitted in this action on behalf of Baum. These papers were filed with the Court and served on the New York City Law Department.

Plaintiff's claims against Garbarini & Scher and Weinstock under Section 1983 fail as plaintiff again has failed to plead any facts indicating that these defendants are state actors. State action, and a resulting deprivation of a constitutional right, are prerequisites for a finding of liability under Section 1983. *See American Manufs. Mutual Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminator or wrongful.'" *Id.,* 526 U.S. at 50, 119 S.Ct. at 985 (quoting *Blum,* 457 U.S. at 1002, 102 S.Ct. at 2785). Garbarini & Scher is a private law firm, representing a private client. Because plaintiff has pleaded no facts to support the proposition that it and Weinstock have taken any action under the color of state law, I recommend that plaintiff's Section 1983 claims against these defendants be dismissed.

Plaintiff also urges that the mailing of the psychological evaluation was a violation of 42 U.S.C. § 1982, which guarantees all citizens of the United States, "the same right ... as is enjoyed by white citizens ... to inherit, purchase, lease, sell, hold, and convey real and personal property." Section 1982 "prohibit[s] all racial discrimination, private and public, in the sale and rental of property." *Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 437, 88 S.Ct. 2186, 2202, 20 L.Ed.2d 1189 (1968). Plaintiff has alleged no facts that would support a claim under this section. The submission of the psychological evaluation to this Court and defense counsel simply does not involve the sale or rental of property, and therefore, does not raise a cognizable claim under Section 1982. Accordingly, I recommend that plaintiff's claims against Gar-

barini & Scher and Weinstock under Section 1982 be dismissed.

Plaintiff also seems to raise a claim of a conspiracy among Baum, the Legal Aid Society, and the Assistant District Attorneys who prosecuted the underlying criminal case, and between Verizon and the New York City Fire Department. *See* Amend.Compl., ¶ 18; Pl. Reply to Def. [Baum's] Notice of Motion, Ex. A. As noted above, private actors generally may not be held liable under Section 1983. However, liability under this section may be found where private entities or individuals conspire with state actors to deprive a person of a federal right. *See Tower v. Glover*, 467 U.S. 914, 920, 104 S.Ct. 2820, 2824, 81 L.Ed.2d 758 (1984).

The holding in *Tower* establishes that, to the extent plaintiff alleges that defendants Baum and the Legal Aid Society conspired with the District Attorney's office to violate his constitutional rights, he may state a claim under Section 1983. However, the complaint must contain more than bare conclusory allegations. *See Leon*, 988 F.2d at 311. " 'Diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct.' " *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir.1993) (quoting *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir.1977) (per curiam)). Even under a liberal view of plaintiff's complaint, plaintiff has not made out a claim that either Baum or the Legal Aid Society was involved in a conspiracy to deprive plaintiff of his constitutional rights. Plaintiff claims that defendants conspired with the District Attorney's office and the police department to violate plaintiff's rights on the basis of his race by refusing to issue him a Desk Appearance Ticket, by refusing to assert certain de-

fenses during the criminal proceedings, and by persuading plaintiff to undergo a psychological examination. *See* Pl. Reply to Def. Notice of Motion, Ex. A. However, plaintiff submits only these bare assertions of alleged conspiratorial conduct. As such, I recommend that plaintiff's Section 1983 claims against these defendants be dismissed.

■ Plaintiff further alleges that Verizon participated in a conspiracy with the New York City Fire Department to produce plaintiffs telephone records in violation of his constitutional rights. *See* Amend.Compl., ¶ 18. These claims are entirely without merit. The Fire Department issued a subpoena in the underlying criminal action for plaintiff's telephone records with which Verizon complied. As Verizon points out, its compliance with the Fire Department's subpoena is a privileged act under New York law. *See* Mem. of Law, at 4; *Boice v. Unisys Corp.*, 50 F.3d 1145, 1149 (2d Cir.1995). As such, Verizon is not liable for its production of the telephone records. Furthermore, Verizon is, of course, a private entity and, absent a specific allegation of conspiracy with a state actor, may not be held liable for a violation of civil rights. Mere compliance with a subpoena does not suggest the existence of a conspiracy, and plaintiff has not supplied this Court with any facts that could support one's existence. Accordingly, I recommend that plaintiff's federal claims against Verizon be dismissed.

### D. Friedman

■ Finally, plaintiff asserts a claim against Robert Friedman, alleging that Friedman improperly repaired his computer in violation of plaintiff's constitutional rights.[5] *See* Amend.Compl., ¶ 21. Again,

---

5. Friedman, also proceeding *pro se*, has filed a document styled as an answer to plaintiff's

complaint. Plaintiff, apparently construing Friedman's answer as a motion to dismiss,

plaintiff has pleaded no facts indicating that defendant Friedman is a state actor. Plaintiff argues that Friedman is a state actor because he is a notary public. *See* Pl.Mem. of Law and Reply. Significantly, however, plaintiff's claims against Friedman do not relate to actions taken in his capacity as a notary public, but rather to those taken in his capacity as a computer salesperson. *See* Amend.Compl., ¶ 21. Under these circumstances, Friedman was not acting under color of state law, and thus cannot be held liable for any alleged deprivation of plaintiff's constitutional rights. *See Kaufman v. McCrory Stores*, 613 F.Supp. 1179, 1181 (M.D.Pa.1985), *aff'd* 792 F.2d 138 (3d Cir.1986) (holding that a notary public hired for another function was not a state actor under those circumstances).

### E. Plaintiff's Remaining State and Federal Claims

██ In addition to the claims discussed above, plaintiff has alleged that defendants violated a number of state and federal criminal statutes. It is well-settled that, unless specifically provided for, federal criminal statutes rarely create private rights of action. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 316, 99 S.Ct. 1705, 1725, 60 L.Ed.2d 208 (1979). This principle applies to the federal criminal violations alleged by plaintiff. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir.1994) (discussing 18 U.S.C. § 242); *Keady v. Nike, Inc.*, 116 F.Supp.2d 428, 435 (S.D.N.Y.2000) (discussing 18 U.S.C. § 241); *Greenblatt v. Richard Potasky Jewelers*, No. 93 Civ. 3652, 1994 WL 9754, at *4 n. 4 (S.D.N.Y. Jan.13, 1994) (discussing 18 U.S.C. § 371); *Williams v. McCausland*, 791 F.Supp. 992,

1001 (S.D.N.Y.1992) (discussing 18 U.S.C. § 1001).

Plaintiff has also pleaded a number of claims arising under New York state law. Specifically, plaintiff alleges that defendants Judge Yellen, her law clerks, and Judge Rooney's law clerk violated various provisions of the New York Penal Law and the New York Code of Professional Responsibility, *see* Amend.Compl., ¶ 24, that defendants Weinstock and Garbarini & Scher defamed him, *see* Amend.Compl., ¶ 30, that defendant Verizon engaged in acts constituting a *prima facie* tort, *see* Amend.Compl., ¶ 18, and that defendant Friedman violated the New York Penal Law, New York Civil Rights Law, and New York General Business Law. *See* Amend.Compl., ¶ 21.

██ A district court having original jurisdiction also has pendent, or supplemental, jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). State and federal claims are deemed part of the "same case or controversy" where they "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). To exercise pendent jurisdiction, the relationship between the pendent and original claims must be such that it would be foreseeable and practical that a court hear both federal and state claims at once. *See id.*

██ A court has discretion in determining whether it will address pendent state claims. *See id.*, 383 U.S. at 726, 86

---

has submitted papers opposing Friedman's "motion." As plaintiff has been heard in opposition to dismissal, and because I also construe Friedman's submission as a motion to

dismiss, I consider only whether plaintiff has stated a viable cause of action against Friedman.

S.Ct. at 1139; *see also Johns–Davila v. The City of New York,* No. 98 Civ. 1885, 2000 WL 1725418, at *12 (S.D.N.Y. Nov.20, 2000). Generally, an exercise of pendent jurisdiction is warranted where it would serve judicial economy, and is fair to the parties. *Gibbs,* 383 U.S. at 726, 86 S.Ct. at 1139; *Johns–Davila,* 2000 WL 1725418, at *12. On the other hand, a refusal to hear pendent claims may be justified, even if the federal and state claims are related, where the case is grounded primarily in state law claims, remedies, and policy, *see Gibbs,* 383 U.S. at 726–27, 86 S.Ct. at 1139, or where the "court has dismissed all claims over which it had original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Watt v. New York Botanical Garden,* No. 98 Civ. 1095, 2000 WL 193626, at *8 (S.D.N.Y. Feb.16, 2000) (declining to exercise supplemental jurisdiction where federal claims were dismissed).

■ I respectfully recommend that the court exercise pendent jurisdiction over plaintiff's state law claims against defendants Judge Yellen, her law clerks, Judge Rooney's law clerk, Weinstock and Garbarini & Scher, and Verizon, and dismiss those claims on their merits, even though I have recommended dismissal of the federal claims against them. The conduct for which plaintiff seeks federal redress against these defendants is the very same conduct giving rise to plaintiff's claimed bases for relief under state law. Accordingly, the *Gibbs* test is satisfied as the federal and state law claims as to these defendants derive from a "common nucleus of operative fact." *Gibbs,* 383 U.S. at 725, 86 S.Ct. at 1138. Furthermore, considerations of judicial economy and fairness warrant review of plaintiff's state law claims against these defendants. Thus, the exercise of pendent jurisdiction is appropriate, and I proceed to consider the merits of plaintiff's claims.

■ Plaintiff alleges that Judge Yellen and the law clerks violated various provisions of the New York Penal Law and the New York Code of Professional Responsibility in issuing two opinions in the underlying criminal proceedings. *See* Amend.Compl., ¶ 24. However, plaintiff's claims under the New York Code of Professional Responsibility should be dismissed as no private right action exists under the Code. *See Kantor v. Bernstein,* 225 A.D.2d 500, 501–502, 640 N.Y.S.2d 40 (N.Y.A.D. 1st Dept.1996). Moreover, the New York courts appear not to have created private rights of action under the criminal provisions cited by plaintiff, nor has the legislature expressly granted any. As a general matter, "when a statute is contained solely within the Penal Law Section, the legislature intended it as a police regulation to be enforced only by a court of criminal jurisdiction." *Casey Sys., Inc. v. Firecom, Inc.,* No. 94 Civ. 9327, 1995 WL 704964, at *3 (S.D.N.Y. Nov.29, 1995) (citing *Burns Jackson Miller Summit & Spitzer v. Lindner,* 59 N.Y.2d 314, 464 N.Y.S.2d 712, 451 N.E.2d 459 (1983)). As the Penal Law provisions cited here are "bare criminal statute[s], with no indication that civil enforcement is available[,]" *Casey Sys.,* 1995 WL 704964, at *3, I recommend that plaintiff's claims be dismissed, particularly as Judge Yellen and the law clerks are immunized from suit under the doctrine of judicial immunity as discussed *supra.*

■ Plaintiff also alleges that Weinstock and Garbarini & Scher defamed him by submitting a copy of the psychological evaluation of plaintiff to counsel and this Court during this litigation. *See* Amend.Compl., ¶ 30. However, under New York law, statements made in the context of a pending judicial proceeding are absolutely privileged "if, by any view or under any circumstances, they are per-

tinent to the litigation." *Aequitron Medical, Inc. v. Dyro,* 999 F.Supp. 294, 297–98 (E.D.N.Y.1998). Whether a statement is pertinent is broadly construed, and encompasses statements that are only possibly or plausibly relevant to the litigation. *See id.* at 298. The allegedly defamatory statement at issue—the psychological evaluation of plaintiff—is clearly relevant to the case at hand; indeed, it is the crux of plaintiff's allegations against defendant Baum. *See* Amend.Compl., ¶ 22. Thus, I conclude that the submission of plaintiff's psychological report by defendants Weinstock and Garbarini & Scher, counsel for Baum, was an absolutely privileged act, and, accordingly, I recommend that the defamation claim against these defendants be dismissed.

Plaintiff further alleges that defendant Verizon's production of his telephone records pursuant to subpoena is a *prima facie* tort under New York law. *See* Amend. Compl., ¶ 18. It is unimaginable that Verizon's compliance with a subpoena could constitute a *prima facie* tort. *See Montefusco v. Nassau County,* 39 F.Supp.2d 231, 238–39 (E.D.N.Y.1999) (discussing the elements of *prima facie* tort). Moreover, Verizon's submission of the phone records is a privileged act under New York law, as discussed *supra,* and thus Verizon may not be held liable for producing plaintiff's phone records.

The Court should decline, however, to exercise pendent jurisdiction over plaintiff's state law claims against defendant Friedman. Plaintiff alleges that Friedman engaged in false and deceptive business practices in contravention of New York state law. *See* Amend.Compl., ¶ 21. Plaintiff's claims against Friedman sound primarily in state law, and have nothing to do with his causes of action against the remaining defendants. Thus, there is no basis for pendent jurisdiction under *Gibbs.*

*See Gibbs,* 383 U.S. at 725, 86 S.Ct. at 1138. The state law claims as to defendant Friedman should be dismissed without prejudice to plaintiff's right to refile them in state court.

### F. Motions for Sanctions

Defendants Garbarini & Scher and Weinstock have moved for sanctions against plaintiff pursuant to Fed.R.Civ.P. 11, asserting that plaintiff's claims are without merit and that plaintiff improperly filed a supplemental pleading. *See* Weinstock Aff., ¶ 6, 12. Plaintiff cross-moves for sanctions, arguing that defendants failed to sign papers submitted to this Court in violation of Rule 11(a), attached the psychological evaluation to their motion papers with the purpose of defaming plaintiff in violation of Rule 11(b)(1), and filed frivolous motions in violation of Rule 11(b)(2). *See* Pl.Mem. and Reply to Def. Mem.

Rule 11 provides for sanctions when a motion is unsupported by the law or a good-faith argument seeking a change in the law, is without a factual foundation, or is brought for an improper purpose. *See* Fed.R.Civ.P. 11(b); *see also Young v. Corbin,* 889 F.Supp. 582, 585 (N.D.N.Y. 1995). A request for sanctions must be made by separate motion, *see* Fed.R.Civ.P. 11(c)(1)(A), and failure to do so is a ground for denial of sanctions. *See Lambertson v. Kerry Ingredients, Inc.,* 50 F.Supp.2d 163, 170 (E.D.N.Y.1999) (denying sanctions with leave to renew in compliance with Rule 11(c)(1)(A)). Because defendants and plaintiff incorporated their requests for sanctions with other pleadings, I recommend that both requests for sanctions be denied. I further recommend that this denial be with prejudice because the imposition of sanctions is not warranted in any event.

■ Plaintiff's claims against defendants are plainly without merit. Nevertheless, this alone does not warrant sanctions, particularly as plaintiff is proceeding *pro se*. Although Rule 11 does apply to *pro se* litigants, *see, e.g., Mpounas v. United States*, 28 F.Supp.2d 856, 861 (S.D.N.Y. 1998), the court may take into account the "special circumstances of litigants who are untutored in the law." *Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56 (2d Cir. 1989), as well as whether the litigant has been warned of the possible imposition of sanctions. *See Kuntz v. Pardo*, 160 B.R. 35, 40 (S.D.N.Y.1993); *see also* Fed. R.Civ.P. 11 advisory committee's note to the 1993 amendments (stating that the court should consider, *inter alia*, whether the motion was made in bad faith). There are no facts indicating that plaintiff instituted or maintained this lawsuit in bad faith or that he was warned of the imposition of sanctions. For these reasons, I recommend that defendants' motion for sanctions be dismissed with prejudice.

■ I further recommend that plaintiff's motion for sanctions be dismissed with prejudice. Although Rule 11(a) requires every pleading, written motion, or "other paper" to be signed, the Rule does not provide for sanctions when a party fails to sign a paper, but rather allows the court to strike the paper unless omission of the signature is corrected promptly. Fed.R.Civ.P. 11(a). Plaintiff does not specify which papers he contends were not signed. It appears, however, that all papers submitted to the Court by defendants Baum, Weinstock, and Garbarini & Scher, were, in fact, signed by counsel. Plaintiff's other requests for sanctions are baseless as defendants' motions were neither frivolous nor made in bad faith. I therefore recommend that plaintiff's motion for sanctions be denied with prejudice.

## Conclusion

For the reasons stated above, I respectfully recommend that the motions to dismiss brought by defendants Judge Karen B. Yellen, her law clerks, Judge Rooney's law clerk, Robert Baum, the Legal Aid Society, Garbarini & Scher, P.C., Verizon Corporation, and Robert Friedman, be granted. I therefore recommend that all of plaintiff's claims as to these defendants be dismissed with prejudice, except that plaintiff's state law claims against defendant Friedman be dismissed without prejudice to plaintiff's right to refile them in state court. I further respectfully recommend that plaintiff's and Garbarini & Scher's motions for sanctions be denied with prejudice. The Court will schedule further proceedings with respect to the remaining defendants, Howard Safir, Thomas Van Essen, Wayne A. Corbett, C. Krug, Wendell R. Williams, Denis B. Guardiano, Walter McCarthy, Sergeant Juliano, John Tumulty, Lonnie Mendolia, Anne Swern, Stacey Frigerio, Lori Noble, John Theodorellis, Michael D. Hess, Sanford L. Drob, Bellevue Hospital, John Doe 2, 3, 4, and 5. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Chambers of the Honorable Nina Gershon within ten days of receiving this Report and Recommendation and, in any event, no later than February 8, 2001. Failure to file timely objections may waive the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(e), 72; *Small v. Secretary of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir.1989).

**SO ORDERED.**