**Secured Party Charles HECKER, Plaintiff,**

v.

**Ruben A. MARTINO, et al., Defendants.**

**No. 09 Civ. 5490(VM).**

United States District Court, S.D. New York.

July 27, 2009.

Charles Hecker, New York, NY, pro se.

Kenneth D. Litwack, Litwack & Litwack, Counselors at Law, P.C., Bayside, NY, for Defendant.

## *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

Pro se Plaintiff Charles Hecker ("Hecker") brought this action naming as defendants Sherry K. Heitler and Ruben Martino both judges of the New York City Housing Court (together, the "State Defendants"), and Maxine Chevlowe ("Chev-

lowe"), a New York City Marshall. The crux of Hecker's complaint is that, in violation of the Uniform Commercial Code ("UCC"), the State Defendants issued unlawful eviction orders, carried out by Chevlowe, that somehow resulted in the taking of a security interest, UCC Filing Number 2001–061–0037, that Hecker had in certain property located at 1919 Madison Avenue, New York, New York. Hecker seeks monetary damages on account of the alleged violations.

By letter to the Court dated July 13, 2009, Chevlowe sought leave to file a motion to dismiss the complaint, asserting that Hecker's vague, conclusory pleadings do not allege sufficient facts to provide adequate notice of his claims and the legal grounds upon which they rest. Similarly, the State Defendants, by letter dated July 14, 2009, sought to dismiss the complaint on the grounds that it does not state any cognizable causes of action insofar as Hecker seeks monetary damages against the State of New York and state judicial officers, which claims are barred by the Eleventh Amendment and the doctrine of absolute judicial immunity. The Court held a conference on the matter on July 23, 2009 and heard the parties' arguments.

In 2007, Hecker filed a case in this Court, captioned *Hecker v. Eggleston*, No. 07 Civ. 1339(GBD), in which he asserted similar claims against the State Defendants based on similar facts involving a UCC filing that appears to bear the same number as the one he references here. There, Judge George Daniels found, among other grounds, that Hecker's undecipherable pleadings did not comply with Federal Rule of Civil Procedure 8 ("Rule 8") and that the claims against the State Defendants stemming from acts they performed as judicial officers were barred by absolute immunity. Judge Daniels therefore dismissed the complaint. In style, structure and content, Hecker's complaint

in the instant case mirrors the one dismissed in his previous action, although it is even lengthier and thus not only compounds the same deficiencies but adds to them.

 Insofar as Hecker's complaint suffers from the same procedural and substantive flaws as his earlier action, it warrants dismissal on the same grounds. First, in its present form Hecker's complaint is barely comprehensible and on this basis is dismissed on the Court's own motion. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (holding that a complaint fails to comply with Rule 8 if it is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised"). Second, Hecker's claims against the State Defendants are barred by State and judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (declaring that judges have absolute immunity from lawsuits for acts performed in their official capacities and not just from ultimate assessment of damages); *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir.1988); *Richards v. State of New York*, 597 F.Supp. 692, 693 (E.D.N.Y.1984), *aff'd*, 767 F.2d 908 (2d Cir. 1985). Because Hecker's instant action amounts to a repetition of claims previously dismissed, the Court will not grant leave to replead.

### *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the Clerk of Court is directed to dismiss the complaint of Plaintiff Charles Hecker herein and to withdraw any pending motions and close this case.

**SO ORDERED.**