**Elridge DANIEL, Jr., Plaintiff,**

**v.**

**Howard SAFIR, et al., Defendants.**

**No. CV–99–6396 (NG).**

United States District Court,
E.D. New York.

Nov. 28, 2001.

Elridge Daniel, Jr., Brooklyn, NY, Plaintiff pro se.

Robert Friedman, Brooklyn, NY, Defendant pro se.

Lisa J. Black, Assistant Corporation Counsel, City of New York, Law Department, New York, NY, Counsel for the City defendants.

Thomas A. Kissane, Schlam Stone & Dolan, LLP, New York, NY, Counsel for Verizon Corporation.

Charles F. Sanders, Assistant Attorney General, State of New York, Office of the Attorney General, New York, NY, Counsel for the Honorable Karen B. Yellen and Law Clerks.

Gregg D. Weinstock, Garbarini & Scher, P.C., New York, NY, Counsel for Robert Baum and the Legal Aid Society.

## ORDER

GERSHON, District Judge.

Once again, Magistrate Judge Steven M. Gold has written a thorough and persuasive Report and Recommendation in this case. Plaintiff's objections to the Report rest principally on factual assertions as to the merits of his claims and an argument that the statute of limitations has not run because his claims are in effect fraud claims and therefore governed by a six-year statute of limitations. Plaintiff's objections are reviewed under the de novo standard of review provided by Rule 72(b) of the Federal Rules of Civil Procedure.

Plaintiff's complaint invokes this court's jurisdiction under the federal civil rights laws. The applicable statute of limitations

for such claims is three years, as correctly described by Judge Gold. Moreover, Judge Gold properly applied the applicable state statute of limitations to each of the state law claims, over which the court exercises supplemental jurisdiction. Plaintiff cannot avoid the obvious untimeliness of his claims by simply calling the claims fraud claims. Moreover, if he were permitted to do so, federal jurisdiction would not exist for there is no federal question jurisdiction over state fraud claims, and there is no alternative basis for jurisdiction because there is no diversity of citizenship.

In sum, plaintiff's objections are rejected and the Report and Recommendation of November 1, 2001 is adopted in its entirety. The motion of the City defendants, as identified by name in the Report, is granted and the claims against those defendants are dismissed. In addition, for the reasons stated in the Report, the claims against the remaining defendants, Sanford L. Drob, Bellevue Hospital, Thomas Lamacchia, C. Krug and Neldra Zeigler are also dismissed. The Clerk of Court is directed to close this case.

**SO ORDERED.**

## *REPORT AND RECOMMENDATION*

GOLD, United States Magistrate Judge.

### Introduction

Plaintiff, proceeding *pro se*, brings this action against several defendants claiming, among other things, that his constitutional rights were violated when he was arrested for criminal harassment on April 25, 1995. Plaintiff's claims against defendants Robert M. Baum, Gregg D. Weinstock, Esq., Garbarini & Scher, P.C., Verizon Corporation, the Legal Aid Society, Robert Friedman, Judge Stephen J. Rooney's law clerk, and Judge Karen B. Yellen and her law clerks have previously been ordered dis-

missed. *See Daniel v. Safir,* 135 F.Supp.2d 367 (E.D.N.Y.2001).

Now pending before the Court is a motion to dismiss brought by defendants Howard Safir, former Commissioner of the New York City Police Department ("NYPD"), Thomas Van Essen, Commissioner of the New York City Fire Department ("FDNY"), Wayne A. Corbett, Wendell R. Williams, Dennis B. Guardino, and Walter McCarthy, FDNY employees, Sergeant Juliano of the NYPD, John Tumulty, Lonnie Mendolia, Anne Swern, Stacey Frigerio, Lori Noble, and John Theodorellis, Assistant District Attorneys, Michael D. Hess, Corporation Counsel for the City of New York, and Bellevue Hospital (collectively the "City defendants"). The motion has been referred to me for report and recommendation. For the reasons stated below, I respectfully recommend that the Court grant the City defendants' motion to dismiss, dismiss all remaining claims *sua sponte,* and direct the Clerk of Court to close this case.

### Background

The following facts are drawn from plaintiff's amended complaint. Beginning in late 1994, plaintiff complained to the Mayor's Action Line and the FDNY about fire department alarms going off in the middle of the night and fire trucks driving through his neighborhood loudly and at excessive rates of speed. *See Am. Compl.,* Docket Entry 7, ¶¶ 4–7. On April 6 and April 18, 1995, defendants Corbett and Williams of the FDNY visited plaintiff at his home to inquire about his complaints, and asked if plaintiff would be willing to come to their office and fill out a complaint form. *See id.,* ¶¶ 8–9. Plaintiff declined to go with Corbett and Williams to their office. Plaintiff alleges that on these occasions, defendants Williams and Corbett trespassed on his property and assaulted and falsely imprisoned him. *See id.*

On April 25, 1995, while on the street near his home, plaintiff was approached by four FDNY employees, including defendants Corbett and Williams, who "unlawfully and unreasonably seized" him. *Id.,* at ¶ 11. The arrest was apparently prompted by plaintiff's alleged threats to commit arson in response to the FDNY's failure to address his complaints. *See Daniel,* 135 F.Supp.2d at 370. Plaintiff was brought to the 84th Precinct, where he contends defendant NYPD Sergeant Juliano prolonged his unlawful detention by refusing to issue him a desk appearance ticket. Plaintiff further alleges that defendant Williams tightened his handcuffs, causing swelling and pain, and refused to allow him to obtain his medication. *See id.,* ¶¶ 12–14. After being held overnight in a cell in conditions he describes as "deplorable," plaintiff was released the next day on his own recognizance. *See id.,* ¶¶ 15–16. Based upon these allegations, plaintiff contends defendants Juliano, Corbett, and Williams violated his First, Fourth, Sixth, and Fourteenth Amendment rights, and asserts claims pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986, and for assault, battery, and false imprisonment. *See id.,* ¶¶ 11–16.

Plaintiff was charged with aggravated criminal harassment in the second degree pursuant to New York Penal Law § 240.30. *See* Defendants' Notice of Motion, Ex. B. Judge Yellen presided over plaintiff's criminal case. According to the complaint, the prosecutors included defendants Tumulty, Theodorellis, Frigerio, Noble, Mendolia, and Swern. *See* Am. Compl. ¶¶ 24–26. Plaintiff contends that these Assistant District Attorneys misrepresented facts and presented false evidence against him, and asserts violations of his constitutional rights pursuant to Sections 1981, 1983 and 1985 of Title 42. *See id.* Plaintiff further complains that audiotapes of conversations he had with defendants Williams and Corbett were improperly and unfairly edited, and that the FDNY unlawfully obtained his private telephone records. *See id.,* ¶¶ 17–18. In addition, plaintiff contends defendants Corbett and Drob, an employee of Bellevue Hospital, submitted false information to the court. See *id.,* ¶¶ 18, 23.

Plaintiff's criminal case was resolved when the charges against him were adjourned in contemplation of dismissal on May 29, 1996. *See* Defendants' Notice of Motion, Ex. B; N.Y.C.P.L. § 170.55. Plaintiff filed his original complaint in this action on October 6, 1999. On December 30, 1999, plaintiff filed an amended complaint, adding a claim under the New York Civil Rights Law against the Corporation Counsel for the City of New York. Plaintiff alleges in support of his claim that the Corporation Counsel has sent him threatening and harassing letters. The dates and contents of the letters are not specified. *See* Am. Compl. ¶ 33.

The City defendants now move for dismissal pursuant to Fed.R.Civ.P. 12(b)(6). These defendants assert that dismissal is warranted because plaintiff's claims are either time-barred or fail to state viable claims against them.

### Discussion

#### A. *Standard of Review*

A court may grant a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). A court must take as true all the facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *DeJesus v. Sears, Roe-*

*buck & Co., Inc.,* 87 F.3d 65, 69 (2d Cir. 1996). Moreover, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers," and are to be construed liberally. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam); *see also Boddie v. Schnieder,* 105 F.3d 857, 860 (2d Cir.1997). Nevertheless, to survive a Rule 12(b)(6) motion, a civil rights complaint must contain "more than naked improbable unsubstantiated assertions without any specifics." *Neustein v. Orbach,* 732 F.Supp. 333, 346 (E.D.N.Y.1990). Similarly, a complaint asserting "only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Leon v. Murphy,* 988 F.2d 303, 311 (2d Cir.1993) (quoting *Sommer v. Dixon,* 709 F.2d 173, 175 (2d Cir.1983)) (per curiam).

Plaintiff's amended complaint does not specifically enumerate causes of action. Rather, plaintiff alludes to a large number of constitutional provisions, statutes and common law claims. However, plaintiff's primary allegations appear to be that he was falsely arrested, subjected to excessive force, and maliciously prosecuted. For the reasons discussed below, each of these claims is subject to dismissal.

### 2. *Plaintiff's False Arrest and Excessive Force Claims*

As noted above, plaintiff alleges that he was falsely arrested and subjected to excessive force on April 25, 1995. Plaintiff further contends that he was wrongfully detained overnight, denied his medications and held in a filthy cell. Plaintiff's amended complaint invokes Sections 1982, 1983, 1985 and 1986 of Title 42 and, liberally construed, may be read also to assert state

law claims for assault and battery and false imprisonment.[1] Plaintiff did not institute this action until October 6, 1999, more than four years after his arrest. As discussed below, his claims are therefore barred by the applicable statutes of limitations.

Claims brought pursuant to 42 U.S.C. § 1983 are governed by the limitations period for personal injury suits under the laws of the state where the cause of action arises. *See Wilson v. Garcia,* 471 U.S. 261, 266, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985). The applicable statute of limitations in New York is three years. *See, e.g., Veal v. Geraci,* 23 F.3d 722, 724 (2d Cir.1994); *Singleton v. City of New York,* 632 F.2d 185, 189 (2d Cir.1980). The same limitations period applies to actions brought pursuant to 42 U.S.C. Sections 1981, 1982 and 1985. *See Goodman v. Lukens Steel Co.,* 482 U.S. 656, 660–61, 107 S.Ct. 2617, 2620–21, 96 L.Ed.2d 572 (1987) (extending *Wilson* to actions brought under Section 1981); *Mitchell v. Sung,* 816 F.Supp. 597, 601 (N.D.Cal.1993) (extending *Wilson* to § 1982); *Blankman v. County of Nassau,* 819 F.Supp. 198, 206 (E.D.N.Y.1993), *aff'd,* 14 F.3d 592 (2d Cir. 1993) (applying three-year limitations period to § 1985). The statute of limitations for claims brought under Section 1986 is one year. *See* 42 U.S.C. § 1986. A one-year limitations period also governs plaintiff's state law claims for assault, battery and false imprisonment. *See* N.Y.C.P.L.R. § 215. This limitations period has been applied under state law to all intentional torts, including false arrest. *Garcia v. NYPD PCT. 41,* No. 95–Civ–10471, 1997 WL 563809 at * 3 (S.D.N.Y. Sept.10,

---

**1.** For the reasons stated in my prior report in this case, I recommend that the court exercise pendent jurisdiction over plaintiff's state law

claims against the City defendants. *See Daniel,* 135 F.Supp.2d at 376–77.

1997).[2]

██ A federal civil rights claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir.1997) (omitting citation). Thus, courts have repeatedly held that claims for false arrest or excessive force accrue on the date the arrest is made or the force is used. *See id.*, 117 F.3d at 71; *Singleton*, 632 F.2d at 191. The same accrual rule applies under New York law. *See Dailey v. Smiley*, 65 A.D.2d 915, 410 N.Y.S.2d 468 (4th Dep't 1978) (holding that the "statute of limitations began to run on the false arrest and unlawful imprisonment claim on . . . the date that plaintiff Dailey was arrested and released on bail").

██ Plaintiff alleges that he did not receive certain documents from the FDNY until January 1997, *see* Am. Compl. ¶ 28, and argues in opposition to defendants' motion to dismiss that his claims did not accrue until that time. A plaintiff seeking equitable tolling of a limitations period must demonstrate that defendants engaged in a fraud which precluded him from discovering the harms he suffered or the information he needed to file a complaint. *See Paige v. Police Department of the City of Schenectady*, 264 F.3d 197, 200 (2d Cir. 2001); *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1157 (2d Cir.1995). Here, plaintiff has not identified any specific documents he obtained from the FDNY and relied upon in preparing his complaint, nor has he explained why he was unable to assert his false arrest and excessive force claims without those documents. Plaintiff has thus failed to provide any basis for

departing from the general rule that claims involving allegations of false arrest and excessive force accrue at the time the arrest is made and the force is used. *See Ormiston*, 117 F.3d at 71; *Singleton*, 632 F.2d at 191: *Garcia*, 1997 WL 563809, at * 3; *Spigner v. City of New York*, No. 94–Civ–8015, 1995 WL 747813 at * 1 (S.D.N.Y. Dec.18, 1995). For all these reasons, plaintiff's claims arising from the events of April 25 and 26, 1995 should be dismissed as time-barred.

3. *Plaintiff's Malicious Prosecution Claims*

Plaintiff next asserts a series of claims against the Assistant District Attorneys and law enforcement officers who participated in the prosecution of his case. These claims are most properly construed as causes of action for malicious prosecution pursuant to the federal civil rights statutes and state law.

██ A plaintiff asserting a federal constitutional claim for malicious prosecution must demonstrate that his criminal case was terminated in his favor. *See Singleton*, 632 F.2d at 193. New York law imposes the same requirement. *See Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995), citing *Colon v. City of New York*, 60 N.Y.2d 78, 82, 468 N.Y.S.2d 453, 455, 455 N.E.2d 1248 (1983). As noted above, plaintiff's case was resolved when the charges against him were adjourned in contemplation of dismissal. An adjournment in contemplation of dismissal is not a favorable termination, and thus precludes a claim of malicious prosecution. *See Singleton*, 632 F.2d at 193; *see also, Posr v.*

---

**2.** City defendants argue that plaintiff's claims are time-barred pursuant to New York's General Municipal Law, which requires a plaintiff asserting tort claims against a municipal entity to file a notice of claim within ninety days, and to file suit within one year and ninety days. *See* N.Y. Gen. Mun. Law §§ 50–e, 50–i. Whether analyzed pursuant to the General Municipal Law or pursuant to C.P.L.R. § 215, it is clear plaintiff's state law claims are time-barred.

*Officer Shield No. 207,* 180 F.3d 409, 417–18 (2d Cir.1999); *Roesch v. Otarola,* 980 F.2d 850 (2d Cir.1992); *Sundbye v. Ogunleye,* 3 F.Supp.2d 254, 261 (E.D.N.Y.1998). Accordingly, plaintiff's malicious prosecution claims must be dismissed as well.

### 4. *Plaintiff's Remaining Claims*

As noted above, plaintiff refers in his amended complaint to numerous constitutional provisions, statutes, and common law causes of action. Although most of plaintiff's claims are subject to dismissal for the reasons stated above, some merit additional discussion.

■ It appears plaintiff seeks to assert a claim against FDNY employees pursuant to the Freedom of Information Act ("FOIA"), codified at 5 U.S.C. § 552. *See* Am. Compl., ¶ 18. Plaintiff claims the FDNY's submission of allegedly false information to the court during the criminal proceeding against him violated Sections 552a(e)(5) and (e)(10). *See id.* However, FOIA applies only to federal agencies as defined in 5 U.S.C. § 551(1), and there is no right of action under FOIA against state actors or officials. *See Grand Central Partnership, Inc. v. Cuomo,* 166 F.3d 473, 484 (2d Cir.1999) (holding that New York City Council is not an "agency" governed by FOIA).

■ Plaintiff also claims the City defendants violated a number of federal and state criminal statutes and the New York Code of Professional Responsibility. *See, e.g.,* Am. Compl. ¶¶ 6, 8, 11–13. However, as noted in my previous report in this case, it is well-settled that, unless they specifically so provide, criminal statutes rarely create private rights of action, and there is no private right of action under the Code. *See Daniel,* 135 F.Supp.2d at 376–77. The only exception to this rule I have discerned in plaintiff's amended complaint is the allegation that certain FDNY employees violated P.L. § 240.30(3), which provides that aggravated harassment is a crime. *See* Amend. Compl., ¶ 11. An implied private right of action for criminal harassment is recognized under New York law. *See Prignoli v. City of New York,* No. 94 Civ. 4125, 1996 WL 340001, at *6 (S.D.N.Y. June 19, 1996). However, harassment claims are subject to a one-year limitations period. *See id.;* N.Y.C.P.L.R. § 215; *Garcia,* 1997 WL 563809, at * 4 (noting that § 215 applies to all claims for intentional torts). Because plaintiff's harassment claim arises from events that took place on April 25, 1995, and because plaintiff did not commence this action until October 6, 1999, his harassment claim is plainly time-barred.

■ Plaintiff also asserts a claim against the Corporation Counsel, alleging a violation of Section 40–c of the New York Civil Rights Law. *See* Amend. Compl., ¶ 33. Plaintiff alleges that "Corporation Counsel refuses to adopt the procedure for obtaining rightfully sealed documents ... [and] obstructs justice by sending threatening letters which serve no legitimate purpose." Although it is unclear, plaintiff's allegations in this regard appear to refer to Corporation Counsel's receipt or use in this litigation of the psychological evaluation of plaintiff prepared by defendant Sanford Drob. In any event, plaintiff's allegations must refer to some correspondence or document submitted or sent by the Corporation Counsel in connection with this litigation, because plaintiff's amended complaint makes no reference to any interaction he has had with the Corporation Counsel apart from their relationship as adversaries in this lawsuit.

■ Section 40–c guarantees all persons equal protection of the laws and prohibits discrimination on the basis of race, creed, color, national origin, sex,

marital status or disability. It is difficult to conceive how the receipt or transmission of the Drob report, or other documents related to this case, could violate this section. In any event, statements made by parties or their attorneys in the course of litigation are absolutely privileged if they are pertinent to the case. *See Aequitron Medical, Inc. v. Dyro*, 999 F.Supp. 294, 297–98 (E.D.N.Y.1998). Whether a statement is pertinent is broadly construed, and encompasses "anything that may possibly or plausibly be relevant or pertinent with the barest rationality." *Id.* at 298, quoting *O'Brien v. Alexander*, 898 F.Supp. 162, 171 (S.D.N.Y.1995). This privilege applies not only to statements made at a hearing or during trial, but to every step of a proceeding. *Id.* For these reasons, plaintiff's claim against the Corporation Counsel should be dismissed.

Finally, plaintiff alleges that defendants Sanford L. Drob and Bellevue Hospital violated his constitutional rights and defamed him by submitting a false and fraudulent mental health report to counsel representing plaintiff in his criminal case. Plaintiff alleges that the report was prepared and transmitted to defense counsel with the intent that it would become part of the public record of his criminal prosecution.

Plaintiff's amended complaint does not indicate the date on which the allegedly fraudulent mental health report was issued. However, by letter dated October 10, 2001, plaintiff represents that the report was issued on October 28, 1995. It appears that plaintiff claims that the report came to light in connection with his criminal case, which was resolved on May 29, 1996. The statute of limitations governing actions for libel, slander, or false words causing special damages is one year. *See* N.Y.C.P.L.R. § 215. As discussed above, the limitations period governing constitutional torts is three years. The original complaint in this action was filed on October 6, 1999, more than three years after the allegedly false report was issued and plaintiff's criminal case was adjourned in contemplation of dismissal. Accordingly, plaintiff's claims against defendants Drob and Bellevue Hospital are time-barred. Moreover, the report was issued in connection with a pending litigation. The absolute privilege protecting statements made in the course of legal proceedings extends to non-party witnesses. *See Aequitron Medical*, 999 F.Supp. at 298.

Neither Bellevue Hospital nor Sanford Drob has answered the complaint or moved to dismiss. It appears that these defendants may never have been properly served. *See* Docket Entry 17. In any event, I recommend that plaintiff's claims against these defendants be dismissed *sua sponte* for the reasons stated above. Because plaintiff will have the opportunity to file objections to this report, he will suffer no prejudice from my recommendation that his claims be dismissed for failure to state a claim without a Rule 12 motion having first been filed.

The only remaining defendants listed in the caption on the court's docket sheet are Thomas Lamacchia, C. Krug, and Neldra Zeigler. However, these defendants are not listed in the caption of plaintiff's amended complaint, although Krug is referred to in the body of the complaint in paragraph 2(iv). In any event, there are no substantive allegations in the amended complaint against any of these defendants, and therefore, to the extent it may be said there are claims pending against them, I respectfully recommend that those claims be dismissed.

### Conclusion

For the reasons stated above, I respectfully recommend that the motions to dis-

miss brought by defendants Howard Safir, Howard Van Essen, Wayne A. Corbett, Wendell R. Williams, Denis B. Guardino, Walter McCarthy, Sergeant Juliano, John Tumulty, Lonnie Mendolia, Anne Swern, Stacey Frigerio, Lori Noble, John Theodorellis, and Michael D. Hess be granted. I further recommend that the claims against defendants Sanford L. Drob, Bellevue Hospital, Thomas Lamacchia, C. Krug, and Neldra Zeigler be dismissed. Finally, because there are no remaining defendants, I further recommend this case be closed if these recommendations are adopted.

Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Chambers of the Honorable Nina Gershon within ten days of receiving this Report and Recommendation and, in any event, no later than November 26, 2001. Failure to file timely objections may waive the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(e), 72; *Small v. Secretary of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir.1989).

November 1, 2001.