Mark **HOURANEY**, Plaintiff,

v.

**BURTON & ASSOCIATES, P.C.** and
**Bernard Burton, Defendants.**

No. 08–CV–2688 (CBA)(LB).

United States District Court,
E.D. New York.

Feb. 18, 2010.

significant amount of time or resources as       counsel in this action.

On June 19, 2009, the Honorable Lois Bloom, United States Magistrate Judge, issued a Report and Recommendation ("R & R") recommending pursuant to 28 U.S.C. § 636(b) that plaintiff's motion to amend should be denied. Plaintiff filed timely objections to the R & R.

The Court reviews Magistrate Judge Bloom's R & R *de novo*. *See* Fed.R.Civ.P. 72(b); *The European Community v. RJR Nabisco, Inc.*, 134 F.Supp.2d 297, 302 (E.D.N.Y.2001). The Court has reviewed the R & R and finds plaintiff's objections without merit.

Accordingly, the Court adopts the R & R dated June 19, 2009 as the opinion of the Court.

SO ORDERED.

Mark Houraney, Boca Raton, FL, pro se.

Burton & Associates, P.C., c/o Bernard L. Burton, Esq., Long Beach, NY, pro se.

Bernard Burton, Long Beach, NY, pro se.

### ORDER

AMON, District Judge:

Plaintiff filed this action on April 25, 2008 in the United States District Court, Southern District of Florida alleging breach of contract, negligence and legal malpractice. On June 30, 2008, the case was transferred to this Court. On March 20, 2009, after the close of discovery, plaintiff moved to amend the complaint to include a claim for fraud.

### REPORT & RECOMMENDATION DENYING PLAINTIFF'S MOTION TO AMEND

BLOOM, United States Magistrate Judge:

Plaintiff filed this *pro se* diversity case on April 25, 2008 in the United States District Court, Southern District of Florida, alleging breach of contract, negligence and legal malpractice claims against defendants Burton & Associates, P.C. and Bernard Burton. On June 30, 2008, the case was transferred to this Court. (Order Transferring Venue; Document 9.) On September 11, 2008, the Court denied defendants' motion to dismiss for failure to join an indispensible party. (Document 14.) Defendants filed an answer to the complaint and the parties conducted discovery.[1] (Document 16.) The Court held three telephonic pre-trial conferences.[2]

1. The Court's October 8, 2008 Order set January 15, 2009 as the deadline for the parties to complete all discovery. (Document 18.) This deadline was extended for the limited purpose of allowing plaintiff to depose a witness and marked final for March 17, 2009. (Documents 36, 45.)

2. The conferences were held by telephone to accommodate the parties, as plaintiff resides in Florida.

On March 20, 2009, after the close of discovery, plaintiff moved to amend the complaint to include a claim for fraud. (Proposed Amended Complaint; Document 49.) For the reasons stated below, it is respectfully recommended pursuant to 28 U.S.C. § 636(b) that plaintiff's motion to amend should be denied.

## DISCUSSION

### I. Standard for Motion to Amend

Under Rule 15(a), "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading. . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R.Civ.P. 15(a). A motion for leave to amend should be denied only for good reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir.2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (U.S. 1962)). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002); *see also Crippen v. Town of Hempstead*, No. 07–CV–3478, 2009 WL 803117, 2009 U.S. Dist. LEXIS 24820 (E.D.N.Y. Mar. 25, 2009) ("The standard for futility with respect to a motion to amend under Rule 15 is identical to the standard for a Rule 12(b)(6) motion to dismiss-namely, the court must determine whether the allegations in the complaint state a claim upon which relief can be granted.") Moreover,

a pro se plaintiff's complaint must be read liberally and interpreted as raising the strongest arguments it suggests. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir.2004); *Daniel v. Safir*, 175 F.Supp.2d 474, 479 (E.D.N.Y.2001) (citing *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir.1997)) (pro se complaints are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers.)

### II. Heightened Standard for Pleading Fraud

"Proof of fraud under New York law requires a showing that '(1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance.'" *Wall v. CSX Transp., Inc.*, 471 F.3d 410, 415–16 (2d Cir.2006) (internal citations omitted). Fed.R.Civ.P. 9(b) sets a heightened pleading standard for a claim of fraud. Fraud must be pleaded with particularity while "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b); *Ashcroft v. Iqbal*, 556 U.S. ——, 129 S.Ct. 1937, 1954, 173 L.Ed.2d 868 (2009). "In order to comply with Rule 9(b), 'the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir.2006) (internal citation omitted). "In the case of fraudulent concealment or omission, where the plaintiff is unable to specify the time and place because no act occurred, 'the complaint must still allege: (1) what the omissions were; (2) the person responsible for the failure to

disclose; (3) the context of the omissions and the manner in which they misled the plaintiff; and (4) what the defendant obtained through the fraud.'" *Watts v. Jackson Hewitt Tax Service Inc.*, 579 F.Supp.2d 334, 350 (E.D.N.Y.2008) (internal citations omitted)

██ "[W]hile the actual ... fraud alleged must be stated with particularity ... the requisite intent of the alleged perpetrator of the fraud need not be alleged with great specificity." *Wight v. Bank-America Corp.*, 219 F.3d 79, 91 (2d Cir. 2000). However, courts "must not mistake the relaxation of Rule 9(b)'s specificity requirement regarding condition of mind for a license to base claims of fraud on speculation and conclusory allegations ... [P]laintiff [ ] must allege facts that give rise to a strong inference of fraudulent intent." *Barkley v. Olympia Mortg. Co.*, Nos. 04 CV 875(RJD)(KAM), 05 CV 187(RJD)(KAM), 05 CV 4386(RJD)(KAM), 05 CV 5302(RJD)(KAM), 05 CV 5362(RJD)(KAM), 05 CV 5679(RJD)(KAM), 2007 WL 2437810, *18 (E.D.N.Y. August 22, 2007) (citing *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 52 (2d Cir.1995) (quotation marks and citations omitted)). "The requisite 'strong inference' of fraud may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Lerner*, 459 F.3d at 290–91 (internal quotations and citations omitted).

### III. Plaintiff's Proposed Fraud Claim

Plaintiff states that on May 10, 2004 he, along with North East Holdings, LLC, signed a "contract for Legal and Professional Services with Burton & Associates, P.C." [3] (Proposed Amended Complaint ¶ 64.) Plaintiff states the retainer agreement was based on a contingency arrangement and plaintiff paid for expenses. (Plaintiff's Reply to Defendant's Opposition to the Motion to Amend "Reply" at 2; document 53.) Plaintiff further states that his company, North East Holdings, LLC, wrote Burton & Associates, PC a series of checks.[4] Plaintiff states that these checks were not deposited in an escrow account in violation of the "New York Lawyers Code of Professional Responsibility." [5] (Proposed Amended Complaint ¶¶ 60–64.) Plaintiff argues that defendants have failed to document these transactions and expenses. (Reply at 2.) Plaintiff further states that defendants failed to produce requested documents during discovery, but provided certain documents regarding the

---

**3.** However, plaintiff's complaint states defendants have been representing plaintiff since "early 2002." (Complaint ¶ 1; Document 3). It is unclear whether there was more than one retainer agreement entered into by the parties.

**4.** Plaintiff states that North East Holdings, LLC wrote checks for the down payment on a real estate contract on November 13, 2002 in the amount of $155,000.00; to file a notice of claim against the Town of Riverhead on November 14, 2003 in the amount of $10,000.00; for expenses to continue litigation against the Town of Riverhead on May 14, 2004 in the amount of 10,000.00 and for further expenses

on May 28, 2005 in the amount of $5,000.00. (*Id.* ¶¶ 60–63.)

**5.** The Court notes that a violation of the New York Code of Professional Responsibility Disciplinary Rules does not give rise to a private cause of action. *Frierson–Harris v. Hough*, No. 05 Civ. 3077(DLC), 2007 WL 4547723, *4 (S.D.N.Y. December 21, 2007) (citing *Shapiro v. McNeill*, 92 N.Y.2d 91, 97, 677 N.Y.S.2d 48, 699 N.E.2d 407 (1998)): *see also Mackley v. Sullivan & Piapakis*, No. 98 Civ. 8460(SWK), 2001 WL 1658188, *7 (S.D.N.Y. December 27, 2001) (a violation of a disciplinary rule does not generate a cause of action (internal citations and quotations omitted)).

firm's IOLA account to oppose plaintiff's motion to amend. Plaintiff therefore argues that these acts establish fraud since defendants are "hiding something."[6] (Reply at 3). Plaintiff argues that "it was during the discovery that plaintiff realized that defendants did not live up to their original retainer agreement and that was the fraud." (Reply at 4.)

Plaintiff's proposed amended complaint also alleges that plaintiff believed that Mathew Thomas was defendant Burton's full time assistant and found out during discovery that Thomas has his own business. (Proposed Complaint ¶ 66.) Plaintiff further alleges that defendants requested that plaintiff sign a retainer agreement to bring in attorney Ira Bezack to assist in plaintiff's trial. (*Id.* ¶ 68.) Plaintiff states that defendants told him that Bezack's expertise could help win the complex case, when the "real reason" for retaining Bezack was defendant Burton's ill health. (*Id.* ¶¶ 67, 68.)

■ Plaintiff's proposed amended complaint fails to state a claim for fraud. The Court construes plaintiff's claim for fraud to be based on the following alleged omissions and misrepresentations: (1) defendants' failure to retain financial documents of transactions from 2002–2005(2) defendants' failure to inform plaintiff that Mathew Thomas had his own business and (3) defendants' misrepresentation regarding the need to retain Ira Bezack for trial. Regarding plaintiff's first two claims, although he specifies defendants' omissions, he fails to plead what defendants obtained through the fraud. Plaintiff states that defendant committed fraud by failing to provide him with documents listing "transactions as required by law for the defendant to provide," (Reply at 2) which demonstrates that defendants are "hiding

something" (*Id.* at 3). However, plaintiff attaches his copies of bank statements and checks regarding these transactions to his proposed amended complaint. (Proposed Complaint, Exhibits 19, 20, 21, 22, 23). Plaintiff fails to establish how defendants' failure to provide documents from their IOLA account misled him and what defendants gained by this alleged "fraud." Similarly, while plaintiff alleges that defendants failed to inform him that Mathew Thomas had his own business, he does not state how this omission misled him or what defendants gained by this omission.

■ Furthermore, plaintiff's conclusory statements that defendant made misrepresentations to plaintiff regarding the reason why Ira Bezack should be retained for trial does not explain why defendants committed the alleged fraud or provide a basis for fraudulent intent. *See Stair v. Calhoun,* No. 07 Civ. 3906(JFB)(ETB), 2009 WL 792189, *12 (E.D.N.Y.2009) (dismissing plaintiffs' fraud claim for failure to detail why misrepresentations were fraudulent and failure to allege fraudulent intent.) Plaintiff states that defendants told him that Bezack's expertise could help win the case but this is not necessarily inconsistent with plaintiff's allegation that Bezack was retained because Burton was "ill." "There must be some factual basis for conclusory allegations of [fraudulent] intent." *Miller v. Holtzbrinck Publishers, LLC,* No. 08 Civ. 3508(HB), 2009 WL 528620 at *3 (S.D.N.Y., 2009) (citing *Ouaknine v. MacFarlane,* 897 F.2d 75, 80 (2d Cir. 1990)). Plaintiff provides no such factual basis. Nor does plaintiff specify what defendants would have gained by the alleged misrepresentation or concealment of the circumstances surrounding Ira Bezack's retainer. Therefore, plaintiff's claims fail to satisfy the heightened pleading required by Rule 9(b). *See DeFazio v. Wallis,* No. 05 Civ. 5712(ADS)(ARL), 2006 WL

---

**6.** To the extent plaintiff requests to reopen discovery, plaintiff's request is denied.

4005577 at \*4 (E.D.N.Y. December 8, 2006) (denying motion to amend as the proposed complaint failed to allege the circumstances of the alleged fraud with the level of specificity required by Rule 9(b)); *see also Keane v. Keane,* No. 08 Civ. 10375(WCC), 2009 WL 1490686, \*5 (S.D.N.Y. May 27, 2009) (plaintiff's pleading "does not specify what the [ fraudulent] statements were or explain how they were fraudulent" and therefore plaintiff has failed to "plead her fraud claim with the particularity required by 9(b)"); *Lichtenstein v. Reassure Am. Life Ins. Co.,* Nos. 07 Civ. 1653(DLI)(LB), 07 Civ. 1680(DLI)(LB), 2009 WL 792080 at \*8 (E.D.N.Y. Mar. 23, 2009) (dismissing pro se plaintiff's fraud claim for failure "to meet the heightened pleading standards of Rule 9(b)"). Finally, plaintiff's motion should be denied as defendants would be prejudiced by the amendment. Discovery has closed and defendants have requested to move for summary judgment. (Document 51.)

Plaintiff's motion to amend should therefore be denied. *See Arnold v. KPMG LLP,* 334 Fed.Appx. 349, 352–53 (2d Cir. 2009) (leave to amend was properly denied where "plaintiff failed to identify those facts that would save his complaint, should he be granted leave to amend, with sufficient specificity.")

## CONCLUSION

Plaintiff's proposed amended complaint fails to state a claim of fraud. Allowing plaintiff to amend his complaint would therefore be futile and would prejudice defendants. Accordingly, plaintiff's motion to amend the complaint should be denied.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Fed.R.Civ.P., the parties shall have ten days from service of this Report to file written objectives. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. *Marcella v. Capital Dist. Physicians' Health Plan, Inc.,* 293 F.3d 42 (2d Cir.2002); *Small v. Sec'y of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *see Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).